UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: THOMAS S. KRUM, as Owner of a 1990 Tiara Motor Vessel (USCG Doc. No. 970873) for Exoneration From or Limitation of Liability.

Case No: 2:15-cv-513-FtM-38CM

_____/

### ORDER[1]

This matter comes before the Court on the Plaintiff Thomas S. Krum's Motion for Ad Interim Stipulation of Value (Doc. #4) filed on August 27, 2015.

### DISCUSSION

Without admitting and/or denying any liability, Krum petitions the Court for the benefits of the limitation of liability set forth in 46 U.S.C. § 181 *et seq.* and related supplemental statues limiting its liability for any and all loss, damage, and injury caused by the December 30, 2014 incident to the value of the Vessel.

The Limitation of Shipowners' Liability Act limits the liability of a ship owner for any loss incurred without the knowledge or privity of the owner, to the value of the vessel and its freight. 46 U.S.C. § 30511. Pursuant to the statute, upon the ship owner's filing of the petition and his tender of a bond, the district court *must* enjoin all other proceedings against the ship owner involving issues arising out of the subject matter of the limitation action. 46 U.S.C. § 30511(c) (emphasis added). "Under the Limitation of Liability Act and

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the Supplemental Rules, a federal district court stays all related claims against a ship owner pending in any forum, and requires all claimants to assert their claims in the limitation court. In re the Complaint of Paradise Parasail, Inc., 2011 WL 3897859 *1 (M.D. Fla. June 27, 2011). This accords with the federal courts' exclusive jurisdiction of suits brought in maritime. Id. (*citing* In the Matter of the Complaint of Santa Fe Cruz, Inc., 535 F.Supp.2d 853, 857–58 (S.D.Tex.2007) (internal citations omitted)). An injunction is expressly authorized by the Limitation Act and thus may issue against state-court proceedings despite the usual ban of the Anti–Injunction Act (28 U.S.C. § 2283). In re the Complaint of Paradise Parasail, Inc., 2011 WL 3897859 at *1 (*citing* Beal v. Waltz, 309 F.2d 721, 724 (5th Cir.1962)).

Based upon the Complaint, the Court finds that Krum has met the requirements of 46 U.S.C. §181 *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and an ad interim stipulation for value will be entered on his behalf.

Accordingly, it is now

**ORDERED:**

Plaintiff Thomas S. Krum's Motion for Ad Interim Stipulation of Value (Doc. #4) filed on August 27, 2015 is **GRANTED**.

1.     The above-described Ad Interim Stipulation for Value, with surety, is to be deposited by Thomas S. Krum with the Court for the benefits of claimants, in the sum of $530.00, as security for the amount or value of his interest in the vessel at issue.

2.     Any Claimant who may properly become a party hereto may contest the amount of value of Thomas S. Krum's interest in the Vessel as fixed in said Ad Interim

Stipulation, subject to such increases or decreases in the amount of such Stipulation, together with adequate security, as the Court may from time to time order according to the rules and practices of this Court may adjudge.

3.  The Court, upon motion, should cause due appraisement of such value and may thereupon order the said security increased or reduced if it finds the amount thereof insufficient or excessive; and, upon demand, the Court may similarly order such increase or reduction if it finds that such an order is necessary to carry out the provisions of 46 U.S.C. §183, as amended, in respect of loss of life or bodily injury.

4.  If the amount of the Ad Interim Stipulation is not contested by any Claimant herein, said Stipulation should stand as a Stipulation for Value and an appraisal by a Commissioner will not be required.

5.  A notice should be issued by the Clerk of this Court to all persons asserting claims with respect to which the Complaint seeks limitation admonishing them to file their respective claims with the Clerk of this Court in writing, and to serve on the attorney for the Petitioner a copy thereof **within thirty (30) days of the last published Notice of the Court's Order in "The News Press"** or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he shall file and serve on attorneys for Petitioner an answer to the Complaint on or before the said date, unless his claim has included an answer to the complaint, so designated, or be defaulted.

6.  The aforesaid notice should be published in "The New Press," in Lee County, Florida, once a week for four successive weeks prior to the date fixed for the filing

of claims, as provided by the aforesaid Rule F; and copies of the notice shall also be mailed in accordance with the said Rule F.

7. The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against Thomas S. Krum or the vessel at issue to recover damages for, or in respect of any damages or injuries caused by or resulting from, the incident involving the vessel at issue as alleged in the Complaint, should hereby be restrained, stayed, and enjoined until the hearing and determination of this action.

8. Service of the order as a restraining order may be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand.

**DONE** and **ORDERED** in Fort Myers, Florida, this 3rd day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record