UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF THE:
COMPLAINT OF THOMAS S. KRUM,
AS OWNER OF A 1990 TIARA MOTOR     Case No: 2:15-cv-513-FtM-38CM
VESSEL (USCG DOC. NO. 970873) FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY
                                                              /

**ORDER**[1]

This matter comes before the Court on Petitioner Thomas S. Krum's Motion for Entry of Final Default Judgment Against Non-Filing Claimants (Doc. #32) filed on January 25, 2016.  The matter is ripe for review.

**Background**

This is an admiralty action.  Petitioner Krum is the owner of a 1990 Tiara motor vessel that started having mechanical issues, causing its port engine and generator to malfunction.  (Doc. #1 at 3).  After towing the vessel back to its berth, Petitioner contacted Claimant Diversified Yacht Service, Inc. ("DYS") – a shipyard that had previously worked on and repaired the vessel.  (Doc. #1 at 3).  DYS agreed to undertake the repairs, and shortly thereafter the vessel was delivered to its custody.  (Doc. #1 at 3).  The next morning, after a DYS employee had begun troubleshooting and repairing the issues, the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

vessel caught fire and sank.  (Doc. #1 at 3-4).  Seeking to exonerate or limit his liability from property damage caused by this fire, Petitioner filed this action.  (Doc. #1).

## Discussion

In an action to exonerate or limit liability from all claims arising out of maritime accidents, there are strict deadlines for providing notice and filing claims.  Pursuant to the Supplemental Rules for Admiralty and Maritime Claims:

> [T]he [C]ourt shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Supp. Adm. R. F(4).  Once such notice has been given, all claims must "be filed or served on or before the date specified in the notice provided. . . ."  Supp. Adm. R. F(5).  Moreover, "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer."  *Id.*

On September 3, 2015, the Court approved Petitioner's Motion for Ad Interim Stipulation of Value, setting October 27, 2015,[2] as the deadline for filing a claim.  Only

---

[2] The precise date given in the Order was 30 days from the last published Notice of the Court's Order in "The News Press" newspaper.  (Doc. #6 at 3).

one potential claimant, Diversified Yacht Services, Inc., filed a claim. (Doc. #17). Another potential claimant, Ace American Insurance Company, asked for an extension until December 29, 2015, to file a claim. (Doc. #16). The Court granted this request. (Doc. #20). Before the time for Ace American Insurance Company to file its claim expired, Petitioner requested, and the Court granted, the entry of a clerk's default against potential claimants who failed to file a claim. (Doc. #21; Doc. #26).

Now, having securing a clerk's default against all potential claimants who failed to file a claim, Petitioner seeks the entry of a default judgment against those same individuals and entities. Because Petitioner has satisfied the requisite conditions for securing such relief, the Court finds good cause to grant default judgment against all potential claimants who failed to file a claim. Importantly, this default judgment shall not apply to potential claimant Ace American Insurance Company, as the clerk's default was entered before the deadline for Ace American Insurance Company to file its claim expired. Therefore, should Petitioner wish to secure a clerk's default and default judgment against Ace American Insurance Company, he must file the appropriate motions to do so.

Accordingly, it is now

**ORDERED:**

1. Petitioner Thomas S. Krum's Motion for Entry of Final Default Judgment Against Non-Filing Claimants (Doc. #32) is **GRANTED**.

2. The Clerk shall enter default judgment in favor of Petitioner Thomas S. Krum, as Owner of a 1990 Tiara Motor Vessel (USCG Doc. #970873), her engines, tackle, appurtenances, etc., against all Claimants who have not timely filed

claims or answers in response to the Petitioner's Verified Complaint for Exoneration from or Limitation of Liability (Doc. #1).

3. This Order shall not apply to potential claimant Ace American Insurance Company.

**DONE** and **ORDERED** in Fort Myers, Florida, this 10th day of March 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record